1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL RODNEY VALDEZ,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

Case No. 1:23-cv-00096-SAB (PC)

ORDER DIRECTING CLERK OF COURT
TO RANDOMLY ASSIGN A DISTRICT
JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATION
RECOMMENDING DISMISSAL OF
ACTION FOR FAILURE TO STATE A
COGNIZABLE CLAIM FOR RELIEF

(ECF No. 14)

Plaintiff Michael Rodney Valdez is proceeding pro se and in forma pauperis in this civil

rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed January 23, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

"seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4  statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic

5  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each

6  defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297

7  F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings

9  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

10  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

11  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

12  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

13  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

14  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

15  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

16  at 969.

17                                        **II.**

18                          **COMPLAINT ALLEGATIONS**

19    The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of

20  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

21    On October 28, 2020, Plaintiff arrived at North Kern State Prison and was seen by Dr. Joy.

22  Plaintiff explained his neck, eye damage, and issuance of a handicap vest by a specialist.  Dr. Joy

23  discontinued the handicap vest and "paid little attention to my serious medical needs and did

24  nothing to mitigate any further wanton infliction of pain or significant injury." (ECF No. 14 at

25  3.)  Plaintiff has been exempted from working in the only trade for which he is trained.  To date,

26  little has been done to mitigate Plaintiff's pain management and the neurosurgeons

27  recommendations have not been followed.

28  ///

2

1    Plaintiff seeks compensatory damages and coverage of all medical services for the
2  remainder of his life.

3                                              **III.**

4                                         **DISCUSSION**

5  **A.       Deliberate Indifference to Serious Medical Need**

6     Deliberate indifference to a prisoner's serious medical needs violates the Eighth
7  Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official violates the Eighth
8  Amendment only when two requirements are met: (1) the deprivation alleged is, objectively,
9  sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's
10  health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

11     A "serious" medical need exists if the failure to treat a prisoner's condition could result in
12  further significant injury or the "unnecessary and wanton infliction of pain." Id. The following
13  are examples of indications that a prisoner has a "serious" need for medical treatment: the
14  existence of an injury that a reasonable doctor or patient would find important and worthy of
15  comment or treatment; the presence of a medical condition that significantly affects an
16  individual's daily activities; or the existence of chronic and substantial pain. McGuckin v. Smith,
17  974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v.
18  Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

19     A prison official is deliberately indifferent if he knows that a prisoner faces a substantial
20  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. See
21  Farmer, 511 U.S. at 837. The official must both know of "facts from which the inference could
22  be drawn" that an excessive risk of harm exists, and he must actually draw that inference. Id.  If
23  a prison official should have been aware of the risk, but was not, then the official has not violated
24  the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d
25  1175, 1188 (9th Cir. 2002).

26     "A difference of opinion between a prisoner-patient and prison medical authorities
27  regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337,
28  1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion

                                                3

1   as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to

2   establish deliberate indifference, see Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004);

3   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 874 (9th

4   Cir. 1970). In order to prevail on a claim involving choices between alternative courses of

5   treatment, a plaintiff must show that the course of treatment the doctors chose was medically

6   unacceptable under the circumstances and that he or she chose this course in conscious disregard

7   of an excessive risk to plaintiff's health. Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d

8   330, 332 (9th Cir. 1996) (citing Farmer, 511 U.S. at 837).

9          Plaintiff's claim that he was denied a vest and work restriction demonstrates nothing more

10  than a difference of opinion between himself and medical professionals which does not give rise

11  to a claim for relief.   Franklin, 662 F.3d at 1344.   The mere fact that Defendant Dr. Joy

12  discontinued Plaintiff's mobility vest authorized at other institutions does not give rise to a

13  cognizable claim.  A difference of opinion among medical professionals does not give rise to a

14  claim for relief. Neither Plaintiff's disagreement with his treatment, nor Dr. Joy's failure to rely

15  on other doctors' opinions, constitute a medical claim under the Eighth Amendment.  Plaintiff

16  alleges no facts that Dr. Joy sought to intentionally inflict harm on Plaintiff or that Dr. Joy was

17  deliberately indifferent to Plaintiff's medical needs by denying him a mobility-impaired vest.

18  Accordingly, Plaintiff fails to state a cognizable claim for relief.

19          **C.     Leave to Amend**

20          Given Plaintiff's failure to allege additional facts and cure the identified deficiencies, the

21  Court finds further leave to amend the claim would be futile. See Zucco Partners, LLC v.

22  Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009); see also Simon v. Value Behavioral Health,

23  Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where the

24  plaintiff failed to correct deficiencies in complaint after the court had afforded opportunities to

25  do so and had discussed with plaintiff the substantive problems with his claims).

26  Plaintiff's amended complaint contains the same allegations of the original complaint and do not

27  give rise to a cognizable claim for relief.  Accordingly, the Court recommends the first amended

28  complaint be dismissed without further leave to amend.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief without leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

5